UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:22-CR-13 |
| v. | : | (JUDGE CONNER) |
| SHILOH EDRIS JOHNSON, KADIE JEAN SWARTZ, and HAKIM JAMISON, Defendants. | : | |

FILED
HARRISBURG, PA

SEP 21 2022

PER _____ DEPUTY CLERK

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
21 U.S.C. § 846
(Conspiracy to Possess with the Intent to Distribute Marijuana)

Beginning on an unknown date, but at least by on or about January 22, 2021, and continuing until on or about December 9, 2021, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHILOH EDRIS JOHNSON,
KADIE JEAN SWARTZ**, and
**HAKIM JAMISON,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to

knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
21 U.S.C. § 841(a)(1)
(Possession with the Intent to Distribute Marijuana)

On or about December 9, 2021, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHILOH EDRIS JOHNSON,
KADIE JEAN SWARTZ, and
HAKIM JAMISON,**

knowingly and intentionally possessed with the intent to distribute marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 924(c)(1)(A)
(Possession of Firearms in Furtherance of Drug Trafficking)

On or about December 9, 2021, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHILOH EDRIS JOHNSON,
KADIE JEAN SWARTZ, and
HAKIM JAMISON,**

did knowingly possess a firearm and firearms, that is, a Glock Model 30 .45 caliber semi-automatic pistol (serial number BVAV855), a Glock Model 22 .40 caliber semi-automatic pistol (serial number TFC203), and a Glock Model 23 .40 caliber semi-automatic pistol (serial number AFZH188), in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846, and possession with the intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

THE GRAND JURY FURTHER CHARGES:

### COUNT 4
18 U.S.C. § 924(o)
(Conspiracy to Possess Firearms in Furtherance of Drug Trafficking)

On or about December 9, 2021, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHILOH EDRIS JOHNSON,
KADIE JEAN SWARTZ, and
HAKIM JAMISON,**

did intentionally and knowingly unlawfully combine, conspire, confederate and agree with each other, and with others known and unknown to the grand jury, to knowingly possess a firearm and firearms in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, that is the possession with the intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to do the same, a violation of Title 21, United States Code, Section 846.

All in violation of Title 18, United States Code, Section 924(o).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
18 U.S.C. § 922(n)
(Receipt of a Firearm by a Person Under Indictment)

On or about December 9, 2021, in the Middle District of Pennsylvania, the defendant,

**SHILOH EDRIS JOHNSON,**

knowing that he was under indictment/information for a crime punishable by imprisonment for a term exceeding one year, to wit: robbery and aggravated assault, did willfully receive a firearm, that is, a Glock Model 30 .45 caliber semi-automatic pistol (serial number BVAV855), said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

THE GRAND JURY FURTHER CHARGES:

## COUNT 6
18 U.S.C. § 922(a)(6)
(Materially False Statements Made to Federal Firearms Licensee)

On or about October 29, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

### HAKIM JAMISON,

in connection with the acquisition of a firearm, that being a Glock Model 22 .40 caliber semi-automatic pistol (serial number TFC203), from Stoneybrook Shooting Supplies, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 7
18 U.S.C. § 922(a)(6)
(Materially False Statements Made to Federal Firearms Licensee)

On or about December 9, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

**HAKIM JAMISON,**

in connection with the acquisition of a firearm, that being a Glock Model 30 .45 caliber semi-automatic pistol (serial number BVAV855), from Stoneybrook Shooting Supplies, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of said firearm when in fact as the defendant then knew, he was not the actual buyer of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

A TRUE BILL

GERARD M. KARAM
United States Attorney

███████████
FOREPERSON

*Christian T. Haugsby*

CHRISTIAN T. HAUGSBY
Assistant United States Attorney

9/21/22
Date